[Crim. No. 123.   Department One.—May 22, 1896.]

THE PEOPLE, APPELLANT, v. B. W. CAVANAUGH, RESPONDENT.

CRIMINAL LAW—BRIBERY AT PRIMARY ELECTION—CONSTRUCTION OF PURITY of ELECTIONS ACT.—The provisions of section 19 of the purity of elections act of 1893 do not apply to primary elections for delegates to a political convention, which are purely a creation of political parties and associations, and an indictment charging the defendant with giving money to influence the choice of such delegates at a primary election duly and regularly called by the central committee of a certain political party states no offense.

ID.—PRIMARY ELECTION UNDER POLITICAL CODE—INSUFFICIENT INDICTMENT.—The allegation in an indictment that a primary election was duly and regularly called, does not import that it was called under and pursuant to the provisions of the Political Code, inasmuch as it might have been duly and regularly called in entire disregard of those provisions.

APPEAL from a judgment of the Superior Court of Sacramento County.   A. C. HINKSON, Judge.

The facts are stated in the opinion of the court.

*W. F. Fitzgerald*, Attorney General, and *Henry E. Carter*, Deputy Attorney General, for Appellant.

The purity of elections act should receive a liberal construction, and should be held applicable to "primary elections" which are simply a species of the genus "elections." (Pen. Code, sec. 4.)   Primary elections have legal recognition.   (Pol. Code, sec. 1347–65; Stats. 1893, pp. 12, 19, 23.)

*Johnson & Johnson* and *C. T. Jones*, for Respondent.

The purity of elections act does not include primary elections for delegates to a political convention, and the indictment states no offense.   (Stats. 1893, p. 12.)   The indictment states no facts showing that the primary election was called under the Political Code.   (Pol. Code, secs. 1357, 1358, 1365.)

GAROUTTE, J.—The defendant was charged by indictment with the commission of a felony.   A general

demurrer was sustained to the indictment, and the
people appealed.   The prosecution is based upon an al-
leged violation of the purity of elections act.   (Stats.
1893, p. 12.)   The charging portion of the indictment
alleges that defendant" did then and there willfully, un-
lawfully, feloniously, and knowingly give to one George
Vice a certain sum of money, to wit, the sum of one
hundred dollars, in lawful money of the United States
of America, to induce said George Vice to procure, at a
certain Republican primary election which was duly
and regularly called by the Republican County Central
Committee of the Republican party at Sacramento
county, in the state of California, and was to be and
was duly and regularly held in Sacramento county,
state of California, on the twenty-fifth day of August,
1894, the election of certain persons, to wit [naming
them,] as delegates to a certain Republican county con-
vention, to be held in Sacramento city, state of Cali-
fornia, on Tuesday, the twenty-eighth day of August,
1894, which said convention was duly and regularly
called for the purpose of nominating candidates for the
various legislative, county, district, township, and city
offices, to be voted for at the next general state elec-
tion."

It will be observed that defendant was charged with
attempting, by the use of money, to influence the elec-
tion of certain delegates at a Republican primary
election.   It is now claimed that the purity of elections
act does not apply to primary elections, and this court
is in accord with such contention.   A primary election
is purely a creation of political parties and associations.
These parties and associations may hold such elections
or they may not.   It is not compulsory upon them, and,
if they do hold such elections, they may hold them at
such hours, at such places, and upon such terms and
conditions as to them may seem fit.   While there is a
law upon the statute books providing the machinery for
holding primary elections, it is not in any sense manda-
tory upon political parties to invoke its provisions, but,

upon the contrary, a resort to its provisions is a mere matter of choice. It follows from the foregoing that no importance can be attached to the words found in the indictment stating that this primary election was "duly and regularly called." For these words are not equivalent to the statement, and do not even convey the idea, that it was held under the provisions of the Political Code, inasmuch as such election could have been "duly and regularly called" in entire disregard of the provisions of that code. For, as we have seen, political parties are a law unto themselves as to the conduct of primary elections.

Another question presents itself which cuts deeper than the one to which we have already adverted. The attorney general has been able to place his finger upon but a single provision of this law which looks toward the support of this indictment, and that provision is subdivision 3 of section 19. Among other things section 19 provides:

"It shall be unlawful for any person, directly or indirectly, by himself or through any other person: 1. To pay, lend, or contribute, or offer, or promise to pay, lend, or contribute, any money or other valuable consideration to or for any voter, or to or for any other person, to induce such voter to vote or refrain from voting at any election. . . . . 2. To give, offer, or promise any office, place, or employment, or to promise to procure, or endeavor to procure, any office, place, or employment to or for any voter, or to or for any other person, in order to induce such voter to vote or refrain from voting at any election. . . . . 3. To make any gift, loan, promise, offer, procurement, or agreement, as aforesaid, to, for, or with any person in order to induce such person to procure, or endeavor to procure, the election of any person or the vote of any voter at any election."

The word "election," as here used in subdivision 3, and the other subdivisions of section 19, does not refer to primary elections. The purity of elections law is

entitled: "An act to promote the purity of elections by regulating the conduct thereof, and to support the privilege of free suffrage by prohibiting certain acts and practices in relation thereto, and providing for the punishment thereof." In the body of this act may be found the word " election " a hundred times or more, and it may be said in every instance that it is plainly apparent that the word is not used as applying to primary elections. The words " primary election" are found in the act, in subdivision 9 of section 19, and in section 25, but in neither of these places in the law does this indictment find any support.

For the foregoing reasons the judgment is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.