THE STATE OF NEW JERSEY v. JOSEPH R. WOODRUFF, PROSECUTOR.

Argued February 25, 1902—Decided June 9, 1902.

1. The rule that penal statutes must be construed strictly, is, perhaps, not less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative not the judicial department.

2. The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words there is no room for construction. To determine that a case is within the intention of a statute, its language must authorize us to say so.

3. The indictment in this case is drawn under section 217 of the act entitled "An act to regulate elections" [Revision of 1898], approved April 4th, 1898, and charges the defendant with willful fraud in his duties as a judge of a primary election held for the selection of a delegate to attend the state convention of the Democratic party to nominate a candidate of that party to be voted for for the office of governor. *Held,* that this section does not apply to primaries for the selection of delegates to conventions to nominate candidates, but only to primaries held for the purpose of nominating candidates for state, city and county officers.

On *certiorari* to the Essex Oyer and Terminer removing an indictment against the prosecutor.

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *Elvin W. Crane* and *James R. Nugent.*

For the state, *Chandler W. Riker* and *Louis Hood.*

The opinion of the court was delivered by

FORT, J. The prosecutor in this case was indicted by the Oyer and Terminer of Essex county for fraud in the conduct of a primary election held in the fourth district of the eleventh ward of the city of Newark on September 27th, 1901, for the selection of a delegate to attend the state convention of the Democratic party to nominate a candidate of that party to be voted for for the office of governor.

The indictment is founded upon the statute, and charges by several counts and in various ways a violation by said prosecutor as a judge of said primary election of section 217 of the act entitled "An act to regulate elections" [Revision of 1898], approved April 4th, 1898, in that the said prosecutor (to quote one of the counts) "did then and there commit willful fraud in the discharge of his duties as aforesaid by then and there, falsely counting the ballots cast at the primary meeting and election aforesaid in that he the said J. R. W. unlawfully and fraudulently did falsely count divers ballots the number of which is to the grand jurors unknown, having infolded other ballots, he, the said J. R. W., then and

there well knowing that the ballots aforesaid were not then and there lawful ballots, contrary to the form of the statute in such case made and provided," &c.

It is clear that the crime here charged is well charged under the statute, and, if the statute applies in the case of the primary election at which the prosecutor was judge, then the indictment is good. It is conceded that if the primary had been for the purpose of nominating a candidate for a state, city or county office the offence charged would be covered by the statute, but it is claimed that this was not a primary for such a nomination, but one for the mere selection of a delegate to a convention, which convention was to nominate some person for the office of governor.

There are four sections of the Election law of 1898 applicable to primary elections, viz., 214, 215, 216 and 217. *Pamph. L.* 1898, *p.* 330.

Section 214 simply defines the qualifications of persons entitled to vote at primary elections. Section 215 makes it illegal (1) to vote or offer to vote or counsel another to vote, knowing that you yourself or such other person are not entitled to vote; or (2) having voted at the primary to nominate candidates or *elect delegates to nominate candidates,* you shall vote at a primary of some other party to nominate candidates or to elect delegates to nominate candidates to be voted for at the same election. The acts made offences under section 215 are made misdemeanors. There is nothing charged in the indictment before us which is an offence under section 215. If any authority can be found in the statute to sustain the indictment it must be in sections 216 and 217. These sections are as follows:

"216. It is hereby made the duty of the judges, inspectors and clerks or other officers of the primary elections, meetings or caucuses held for the purpose of nominating candidates for state, city and county officers, within the cities of this state, before entering upon the discharge of their duties, severally to take and subscribe to an oath or affirmation in the presence of each other in form as follows, namely: [Here follows the form of the oath and the method of administering it.]

"217. If any judge, inspector, clerk or other officer of a primary election as aforesaid shall presume to act in such a capacity before taking and subscribing to the oath or affirmation required by this act, or shall willfully disregard or violate the provisions of any rule duly made by the party of which he is a member, and for whom he is acting, for the government of the primary elections of the party, or if any judge or inspector of any primary election as aforesaid shall knowingly reject the vote of any person entitled to vote under the rules of the said party, or shall knowingly receive the vote of any person or persons not qualified as aforesaid, or if any judge, inspector, clerk or any other officer of a primary election as aforesaid shall be guilty of any willful fraud in the discharge of his duties, by destroying or defacing ballots, adding ballots to the poll by false counting, by making false returns, or by any act or thing whatsoever, the person or persons so offending shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine not exceeding five hundred dollars or by imprisonment not exceeding one year, or both, at the discretion of the court."

Unless interpolated as a matter of construction arising out of our belief that it was legislative intent so to do, a primary election to select a delegate to attend a political convention to nominate a candidate for an office is not within these sections.

Section 215 seems to make it clear that where the legislature intended to make an offence for an act at a primary "to elect delegates to nominate candidates," they did so in express terms. By section 215 they recognize two classes of primaries, one "to nominate candidates," the other "to elect delegates to nominate candidates." When they came to section 216, which provides for proper inspectors, clerks and other officers of primary elections, they expressly limit the section to "meetings or caucuses held for the purpose of nominating candidates for state, city or county officers," and do not add "or to elect delegates to nominate candidates," to quote the language of section 215. The only class of primary elections set up by the statute, with officers named in

the statute, are those named in section 216, and section 217 only makes it an offence for "any judge, inspector, clerk or other officer of a primary election as aforesaid" to do the things interdicted by that section, and the primary elections "as aforesaid," referred to by section 217, are such as are "meetings or caucuses held for the purpose of nominating candidates for state, city or county officers" and cannot be extended to embrace a primary for the selection of a delegate to a convention.

The only crime made by the act in voting at primaries "to elect delegates to nominate candidates" is that fixed in section 215, and none of the things charged in this indictment are within the offences thereby described. Penal statutes must be construed strictly and must not be extended by what the court may believe must have been legislative intent. We must find the intent in the act making the offence, and the offence clearly defined, to justify an indictment founded upon a statute. *Andrews* v. *United States,* 2 *Story* 202. 14 & 15 *Vict., c.* 105, made it an offence to personate "anyone entitled to vote at an election," and the personation of a dead man was held no offence under the statute. *Whiteley* v. *Chappell, L. R.,* 4 *Q. B.* 147.

Chief Justice Marshall, in *United States* v. *Wiltberger,* 5 *Wheat.* 76, said: "The rule that penal laws are to be construed strictly is perhaps not less old than construction itself. It is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the legislative not the judicial department. It is the legislature, not the court, which is to define the crime and ordain the punishment. * * * The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words there is no room for construction. * * * To determine that a case is within the intention of a statute its language must authorize us to say so."

The rule stated by Chief Justice Marshall is the one sustained by all text-writers upon the construction of penal statutes. *Bish. Stat. Cr.,* § 191; *Suth. Stat. Con.,* § 237; *Wilberf. Stat. L.* 250.

Nor are we able to sustain this indictment as a common law indictment. It is undoubtedly true that fraud at elections was indictable at common law and is still, irrespective of the statute. In *Commonwealth* v. *McHale,* 39 *Am. Rep.* 808, 813, Chief Justice Paxson, of Pennsylvania, discusses this whole question and refers to the rule as to such indictments in this country. The note to that case in the American reports will also be found instructive.

But the election at which the fraud is committed, to constitute the common law offence, must be a popular election, the fraud going to the destruction of the right of the elective franchise in the selection of public officers for public positions. Such a thing as a primary was not known at the common law. It is the outgrowth of modern convenience or necessity. A primary is not an election in the sense of the common law; it is merely a method for the selection of persons to be balloted for at such an election. Prior to our primary acts a primary had no legal *status* whatever. All it has now is statutory, and all the penalties for its violation must be found in the statute. But if it could be said that fraud at a primary election, duly authorized by statute, would become a common law offence, still the case before us would not be one for a common law indictment for the reason that sections 216 and 217 of the statute do not provide for official primaries for the election of delegates to nominate candidates, but only for the nomination of candidates for state, city and county offices directly. Primaries merely for the selection of delegates have no legal *status* under sections 216 and 217 of the Election law of 1898.

Fraud is clearly charged in the indictment before us and is of such a kind as should be punished, but provision for its punishment rests with the legislative branch of government and not with the judicial. We must construe the statutes as we find them and never extend a penal statute to create a crime not within the clear language of the act.

The indictment will be quashed.