## UNITED STATES v. MALPHURS et al.
### No. 6433–J.

District Court, S. D. Florida, Jacksonville Division.

June 30, 1941—Nov. 5, 1941.

Herbert S. Phillips, of Tampa, Fla., and William A. Paisley, of Jacksonville, Fla., for the United States.

Hull, Landis & Whitehair and John L. Graham, all of DeLand, Fla., for defendants.

STRUM, District Judge.

Defendants were indicted under Sections 3 and 4 of the Hatch Act, 18 U.S.C.A. § 61b and 61c, denouncing pernicious activities "in any election." The indictment charges the defendants with activities denounced by the statute, but charges that these activities were committed in connection with nominating primaries (not in a general election) in which United States Senators and Representatives were to be nominated.

By demurrer, defendants assert that the provisions of Sections 3 and 4 of the Hatch Act do not extend to nominating primaries.

When the Hatch Act was under consideration by Congress, and when it became a law on August 2, 1939, it was the uniform holding of the Courts that the word "election," as used in statutes of this character, did not include nominating primaries. People v. Cavanaugh, 112 Cal. 674, 44 P. 1057; Com. v. Wells, 110 Pa. 463, 1 A. 310; Woodruff v. State, 68 N.J.L. 89, 52 A. 294; Charles v. Flanary, 192 Ky. 511, 233 S.W. 904; Koy v. Schneider, 110 Tex. 369, 218 S.W. 479, 221 S.W. 880; Hodge v. Bryan, 149 Ky. 110, 148 S.W. 21

Moreover, in Newberry v. United States, 256 U.S. 232, 41 S.Ct. 469, 470, 65 L.Ed. 913, decided May 2, 1921, the Supreme Court held that the power "to regulate 'the manner of holding elections'" for Senators, etc., granted by Art. I, Sec. 4, of the Constitution, did not confer power to regulate nominating primaries. Undoubtedly, Congress was aware of this interpretation of the Constitution, and of the above-mentioned construction of the word "election," when the Hatch Act was passed.

As pointed out by Mr. Justice Douglas in United States v. Classic, May 26, 1941, 313 U.S. 299, 61 S.Ct. 1031, 1048, 85 L.Ed. 1368, the bill which became the Hatch Act as originally introduced in the Senate contained a provision expressly extending its coverage to "any primary or nominating convention held solely or in part" for the nomination of any candidate for federal office. This provision would have extended to primaries the same protection that Sec. 1 of the Hatch Act, 18 U.S.C.A. § 61, extends to general elections. This provision, however,—perhaps in deference to the Newberry case,—was stricken in the Senate, and the Act was passed without it. During the debate on the floor of the Senate, the following colloquy occurred. (See 84 Cong.Rec., pt. 4, 76th Cong., 1st Sess., p. 4191):

"Mr. Connally. Is it not true that all the provisions relating to primary elections were eliminated?

"Mr. Hatch. Unfortunately, in my opinion, that is true.

"Mr. Connally. It is true whether it is unfortunate or not, is it not?

"Mr. Hatch. It is quite true."

The foregoing from the Congressional proceedings affords clear proof of the legislative intent to exclude nominating primaries from the provisions of the Hatch Act, except these found in Sec. 2 of the Act, 18 U.S.C.A. § 61a, with reference to the acts of administrative employees in connection with nominations for certain federal offices. This indictment does not purport to charge an offense under Sec. 2.

The Classic case furnishes no support for this indictment. That case holds that under Art. I, Sec. 4, of the Constitution, Congress has the *power* to regulate primary elections, and that Sec. 19 of the Criminal Code, 18 U.S.C.A. § 51, is an exercise of that power.

■ Since the decision in United States v. Classic, supra, Congress undoubtedly possesses the *power* to extend the Hatch Act to nominating primaries, but in view of the express exclusion of the "primary" section from the Act as passed by Congress, the Court holds that as they now stand, Secs. 3 and 4 of the Hatch Act, under which this indictment is drawn, do not extend to primaries, however desirable such coverage might be.

In the absence of a contrary Congressional intent, the word "election" as used in the Hatch Act should now be conformed to the interpretation placed upon that word in the Classic case, so as to include primaries. But to do so in the circumstances here presented would be to judicially legislate "primaries" back into the Act in the face of affirmative Congressional action eliminating them.

■ The indictment cannot be sustained as a common-law indictment, because there is no common-law offense against the United States. Before an act is punishable as a crime against the laws of the United States it must "plainly and unmistakably" fall within the terms of a duly enacted statute, and the Court's attention has not been directed to any statute which prohibits the acts charged in this indictment. United States v. Gradwell, 243 U.S. 476, 485, 37 S.Ct. 407, 61 L.Ed. 857, 864; United States v. Lacher, 134 U.S. 624, 628, 10 S.Ct. 625, 33 L.Ed. 1080, 1083.

Demurrer sustained.