**BLILEY et al. v. WEST.**

No. 2974.

Circuit Court of Appeals, Fourth Circuit.

June 13, 1930.

Leon M. Bazile and M. J. Fulton, both of Richmond, Va. (Wilmer L. O'Flaherty, of Richmond, Va., on the brief), for appellants.

Alfred E. Cohen, of Richmond, Va. (Joseph R. Pollard, of Richmond, Va., on the brief), for appellee.

Before NORTHCOTT, Circuit Judge, and BAKER and WILLIAM C. COLEMAN, District Judges.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the District Court of the United States for the Eastern District of Virginia by the appellee, who alleges in his declaration that he is a colored man, a taxpayer, and a citizen of the United States over the age of twenty-one years and a resident of the commonwealth of Virginia, in which he had resided for more than two years prior to April 3, 1928; that he had duly registered as a voter in the first precinct of Madison ward in the city of Richmond, Va., in which he had resided for the required time; that he had paid all the poll taxes required of him by law; that he was a qualified voter in the Democratic party and in all respects qualified and entitled to vote under the Constitution and laws of the commonwealth of Virginia in the primary election held in the city of Richmond, on April 3, 1928, for the purpose of nominating candidates for mayor, councilmen, and aldermen for said city. The appellants were the Democratic judges appointed at said precinct for the purpose of holding said primary election. The declaration then alleges that the appellants wrongfully refused to supply the appellee with a ballot, or to permit him to vote in said election, and charges that they refused to permit the said appellee to vote in said primary election because of the primary plan of the Democratic party in the state of Virginia, adopted June 11, 1924, limiting the right to vote in said primary to white persons who are qualified to vote and members of the Democratic party. This plan, the declaration alleges, is based on section 228 of the Code of Virginia, as amended by Acts 1924, c. 286.

Appellee further alleged that the costs of the said primary election, and other matters pertaining thereto, were borne by the public treasury of the city of Richmond, into which treasury, as well as into that of the state, appellee had paid taxes; and that the

right to vote which appellee claimed was granted under the Constitution of Virginia, and that appellee was protected against discrimination because of his race, color, or previous condition of servitude by the Fourteenth and Fifteenth Amendments to the Federal Constitution and the laws of Congress.

Appellee claimed damages against the appellants, the said primary election judges, for the denial of the right to vote in said primary, and further alleged:

"That the successful candidates nominated in said Democratic primary were, in the general election held in June following the said primary, elected to the respective offices of mayor, aldermen and councilmen for the city of Richmond, and the denial of the right of the plaintiff to vote in said primary election had the same effect upon the plaintiff's right to vote as though he had been denied a right to vote in said general election for said offices."

Appellants demurred to the declaration, assigning as grounds for their demurrer the following:

"1. The declaration does not allege any ground entitling the plaintiff to relief.

"2. The declaration does not allege the violation of any legal right belonging to the plaintiff, or to which he is entitled.

"3. The declaration sets forth no legal cause of action.

"4. The acts complained of are not violations of the Fourteenth and Fifteenth Amendments to the Federal Constitution, nor are they violations of Federal statutes lawfully passed in pursuance of said amendments to the Federal Constitution."

The judge below overruled the demurrer, and thereupon the appellants filed a plea of the general issue, and also tendered a plea of res judicata, which latter plea was rejected by the court.

On the 23d of October, 1929, a trial was had; the jury returned a verdict for the appellee, assessing his damages at $5.00, upon which verdict the court entered judgment, from which action of the court this appeal was taken.

Section 228 of the Code of Virginia, as amended by the Acts of 1924, page 415, c. 286, reads as follows:

"All persons qualified to vote at the election for which the primary is held, and not disqualified by reasons of other requirements in the law of the party to which he belongs, may vote at the primary; except that:

"No person shall vote for the candidates of more than one party;

"No person shall be permitted to vote for the candidates of any party in any primary unless such person is a member of such party and in the last preceding general election, in which such person participated, he or she voted for the nominees of such party; and, upon challenge, such person shall declare on oath that he or she is a member of such party and supported such nominees as hereinbefore required before being permitted to vote.

"If such person has never voted before, then it shall be necessary only that such person is a member of such party and will support the nominees of such party in the ensuing election.

"Any person offering to vote at a primary may be challenged as provided in section one hundred and seventy-four of this Code, and upon challenge, shall be sworn by one of the judges of the primary and if he knowingly makes any false statement as to any matter material to his right to vote, he shall be deemed guilty of perjury, and upon conviction, shall be punished accordingly.

"If he shall refuse to be sworn, or if he shall refuse to answer any question material to his right to vote, or if he is not eligible to vote under the State law or law of his party, he shall not be permitted to vote in such primary.

"The words 'law of party,' as used in this section, shall be construed to mean the law or rules and regulations adopted by the State, district or local authorities of the party under whose auspices the primary is held not in conflict with the party plan of such party.

"Whenever the masculine pronoun is used in this section or any other section of this chapter, it shall be construed as if both the masculine and feminine pronoun had been used."

The rules and regulations, adopted by the Democratic party, under whose auspices the primary in question was held, were adopted June 11, 1924, and reads as follows:

"All white persons qualified to vote at the election for which the primary is held may vote at the primary; provided, however, that no person shall be permitted to vote unless such person is a member of the Democratic party and at the last preceding general election in which such person participated voted for the nominees of the Democratic party; provided, further, that if he

did not vote at such general election, then upon his declaration that he will support at the ensuing election the nominees of the party, he shall be allowed to vote. When challenged, he shall make his declaration on oath."

The first question that presents itself is as to the ruling of the court below on the demurrer. It is admitted that, had the Virginia statute itself sought to make the requirement that only white persons should vote in any primary, the statute would have been unconstitutional, yet it is contended by appellants that because the statute delegates to the respective parties, under whose auspices the primary is held, the right to provide qualifications as to voters, such qualification when limited to white persons is not of itself unlawful and is not in violation of the Fourteenth and Fifteenth Amendments to the Constitution of the United States. In other words, it is contended, by appellants, that the Legislature of Virginia may do indirectly that which it could not do directly. With this contention, we cannot agree. If all the political parties in the state of Virginia incorporated the same qualifications in their rules and regulations as did the Democratic party, nobody could participate in the primary, except white persons, and other races would thereby be deprived of a material right guaranteed to them under the Constitution as amended; that is, the right to participate in the selection of candidates to be voted for in the election.

On the points raised by the demurrer, the judge below in rendering his decision filed a well-considered opinion. 33 F.(2d) 177. This opinion shows that the learned judge had carefully considered the points involved. We agree with the reasoning and conclusion set out in the opinion, and adopt it as our opinion on the questions involved on the demurrer.

On the points involved in the plea of res judicata, which plea was based upon a suit brought by appellee against appellants, in the law and equity court of the city of Richmond, asking that a writ of mandamus be issued against the appellants, requiring them to permit the plaintiff to vote in said primary, we are of the opinion that the judge below was clearly right in rejecting the plea. The precise issue here involved is different from that in the mandamus suit. In the suit in the state court the defendants filed an answer saying, "that they were not at this time judges in the primary election to be held on April 23, 1928, in the City of Richmond," and a similar contention was one of the grounds of the defendant's demurrer sustained in the same suit. On the face of the record in the state court the decision of the judge of the law and equity court of the city of Richmond, as to the right of the appellee to vote in the primary, was not such a judgment as would support the plea of res judicata.

"Where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." Myers v. International Co., 263 U. S. 64, 44 S. Ct. 86, 87, 68 L. Ed. 165.

The issue here is whether appellants, having become judges in the primary election and having refused to permit appellee to vote, should respond in damages for such refusal.

It is also contended that the provision in the Virginia primary law, providing in part for the payment of the expenses of the primary in question out of the public treasury of the locality in which such primary is held, is not valid. We do not think it necessary to go into this question as not being pertinent to the issues involved.

The judgment of the court below is accordingly affirmed.