**NIXON v. CONDON et al.**

**No. 5758.**

Circuit Court of Appeals, Fifth Circuit.

May 16, 1931.

Arthur B. Spingarn, of New York City, and Fred C. Knollenberg, and E. F. Cameron, both of El Paso, Tex., for appellant.

Ben R. Howell, of El Paso, Tex. (Thornton Hardie, of El Paso, Tex., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

Appellant sued the judges of election for the precinct in which he was registered to recover damages for their refusal to permit him to vote at the primary election held in Texas in 1928 for the nomination of candidates of the Democratic Party. He alleged in his petition that he was a citizen of the United States and of Texas, a member of the Democratic Party, and in every way qualified to vote; that he is a negro, and solely because of his race and color he was denied the right to vote by appellees, who as precinct judges of election based their denial of such right upon a resolution, adopted by the State Democratic Executive Committee of Texas, which provided "that all white Democrats, * * * and none other, be allowed to participate in the primary elections to be held," etc.; that this resolution was void and of no effect because chapter 67 of the Laws of 1927, 1st Called Sess. (Vernon's Ann. Civ. St. art. 3107), enacted by the Legislature of Texas, pursuant to which it was passed, violates the Fourteenth and Fifteenth Amendments to the Constitution of the United States.

The action was dismissed by the District Court on motion of appellees. 34 F.(2d) 464. A similar action brought by the same appellant against the precinct judges of election because of their refusal to permit him to vote in the primary election of 1924 held in Texas to nominate candidates of the Democratic Party was sustained by the Supreme Court. Nixon v. Herndon, 273 U. S. 536, 47

S. Ct. 446, 71 L. Ed. 759. A statute of Texas enacted in 1923 (Acts 38th Leg., 2d Called Sess., c. 32), which later became known as article 3093a (Vernon's Ann. Civ. St. art. 3107), and which provided that "in no event shall a negro be eligible to participate in a Democratic party primary held in the State of Texas," was held in that case to violate the equal protection clause of the Fourteenth Amendment; and it therefore was found unnecessary to consider the Fifteenth Amendment. The Legislature of Texas in 1927, 1st Called Sess., repealed the Act of 1923 which the Supreme Court had shortly theretofore declared unconstitutional in Nixon v. Herndon, supra, and enacted in its place chapter 67, which provides: "Every political party in this State through its State Executive Committee shall have the power to prescribe the qualifications of its own members and shall in its own way determine who shall be qualified to vote or otherwise participate in such political party," etc.

It is of course to be conceded, since the decision in Nixon v. Herndon, supra, that the right of a qualified citizen to vote extends to primary elections as well as to general elections. The distinction between appellant's cases, the one under the 1923 statute and the other under the 1927 statute, is that he was denied permission to vote in the former by state statute, and in the latter by resolution of the State Democratic Executive Committee. It is argued on behalf of appellant that this is a distinction without a difference, and that the state through its Legislature attempted by the 1927 act to do indirectly what the Supreme Court had held it was powerless to accomplish directly by the 1923 act. We are of opinion, however, that there is a vast difference between the two statutes. The Fourteenth Amendment is expressly directed against prohibitions and restraints imposed by the states, and the Fifteenth protects the right to vote against denial or abridgment by any state or by the United States; neither operates against private individuals or voluntary associations. United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; Virginia v. Rives, 100 U. S. 313, 25 L. Ed. 667; James v. Bowman, 190 U. S. 127, 23 S. Ct. 678, 47 L. Ed. 979. A political party is a voluntary association, and as such has the inherent power to prescribe the qualifications of its members. The act of 1927 was not needed to confer such power; it merely recognized a power that already existed. Waples v. Marrast, 108 Tex. 5, 184 S. W. 180, L. R. A. 1917A, 253; White v. Lubbock (Tex. Civ.

App.) 30 S.W.(2d) 722; Grigsby v. Harris (D. C.) 27 F.(2d) 942; It did not attempt, as did the 1923 act, to exclude any voter from membership in any political party. Precinct judges of election are appointed by party executive committees, and are paid for their services out of funds that are raised by assessments upon candidates. Revised Civil Statutes of Texas, sections 3104, 3108.

Each political party is represented by its own election officials who have nothing to do with conducting the primary of any other party. In these particulars the primary election law of Texas differs radically from that of Virginia, where the state conducts and pays the expenses of holding the primary for all political parties just as it does in the general election. West v. Bliley (D. C.) 33 F.(2d) 177, affirmed by the Circuit Court of Appeals for the Fourth Circuit in 42 F.(2d) 101, cannot, therefore, in our opinion be relied on as authority in this case. It is true that there are many provisions of the Texas primary law which are designed to safeguard the ballot and secure fair and honest elections; but none of those provisions can justly be said to deny to any citizen of Texas the right to vote in a primary election.

The judgment is affirmed