## DRAKE v. EXECUTIVE COMMITTEE OF DEMOCRATIC PARTY FOR CITY OF HOUSTON et al.

### No. 539.

District Court, S. D. Texas, Houston Division.
Jan. 10, 1933.

J. A. Atkins and Carter W. Wesley, both of Houston, Tex., for plaintiff.

Gavin Ulmer, of Houston, Tex., for defendants.

KENNERLY, District Judge.

■ This is a bill in equity by plaintiff against defendants, some of whom are and constitute the executive committee of the Democratic Party in the city of Houston, Tex., and some of whom are Democratic pri-

mary election officers of voting precinct No. 25 in such city. Plaintiff alleges that he is a negro, a member of the Democratic Party in such city, and that such party will hold on January 28, 1933, in such city, a primary election for the purpose of selecting candidates of the Democratic Party for mayor, city commissioner, and other offices, in a general election for such offices to be later held; that, by reason of having complied with, or being willing to comply with, all laws and regulations of the state of Texas, or of such party, he is fully qualified in every respect to vote in such primary election, but that defendants have decided that plaintiff, and other negroes similarly situated, shall not vote in such primary election, and are threatening to deprive him, and will deprive him unless restrained, of his right to so vote, solely because he is a negro, in violation of plaintiff's rights under the Fourteenth Amendment to the Federal Constitution. This is a hearing on plaintiff's application in his bill for a preliminary injunction (section 381, title 28, USCA) against defendants. Defendants (except B. F. Hill, an election officer of voting precinct No. 25, not served and who does not appear herein) have, under the equity rules, moved to dismiss plaintiff's bill, and therefore, for the purposes of this hearing, the allegations of plaintiff's bill will be taken as confessed. In the presentation of the case at the bar, plaintiff asked only for a preliminary injunction against such executive committee and the members thereof. Additional facts may be stated in the discussion.

1. Defendants challenge the jurisdiction of the court to determine the questions raised. This is settled against defendants' contention. Nixon v. Herndon, 273 U. S. 536, 47 S. Ct. 446, 71 L. Ed. 759; Nixon v. Condon (C. C. A.) 49 F.(2d) 1012; Nixon v. Condon, 286 U. S. 73, 52 S. Ct. 484, 76 L. Ed. 984.

■ 2. Plaintiff contends (which contention defendants combat) that, because of the provisions of the charter of the city of Houston (section 2, article IX) under which it is provided the expenses of such primary election may be paid by the city of Houston (but it is not claimed they are so paid), and because all political parties, all "political persuasions and faiths," and all races (except the Negro) have been in the past allowed to vote in such primaries, and because a nomination in such primary is equivalent to an election, and because of certain cited provisions of the Texas statutes, such election is not a primary election of a political party

within the meaning of articles 3100 to 3173, Texas Revised Civil Statutes 1925 and Amendments (see Vernon's Ann. Civ. St. Tex. arts. 3100–3173), but that it is a general election within the meaning of articles 2923 to 3099, Texas Revised Civil Statutes 1925 and Amendments (see Vernon's Ann. Civ. St. Tex. arts. 2923–3099), at which any citizen may vote. This contention is without merit.

■ 3. Plaintiff also contends that the executive committee of the Democratic Party in the city of Houston, in deciding that negroes shall not vote in such primary election, made such decision by virtue of powers granted it by the state, and as an agency of the state, and that he is discriminated against and deprived of his right to vote, in violation of the Fourteenth Amendment. Nixon v. Condon, supra.

The Supreme Court in that case had under consideration the rights of Nixon, a negro Democratic voter, under a resolution excluding negroes from Democratic primaries held to nominate state and county officers, Congressmen, etc., passed by the state Democratic executive committee, by virtue of article 3107 of the Texas Revised Statutes of 1925 and amendments thereto (Vernon's Ann. Civ. St. Tex. art. 3107),[1] empowering the state executive committee of political parties to prescribe the qualifications of members of such party. The court held that, by virtue of such statute, such state executive committee derived its powers to pass such resolution from the state, that it was an agency of the state, and that its action was in violation of plaintiff's rights under the Fourteenth Amendment. Here, plaintiff's bill affirmatively shows that the Democratic state executive committee, if authorized by article 3107 so to do, has taken no action whatever with respect to who shall or shall not vote in such primary election in the city of Houston.

Plaintiff also points to, and relies upon, the decision of this court in White v. Democratic Executive Committee, 60 F.(2d) 973. In that case, the Democratic State Conven-

[1] Article 3107 reads as follows: "(Political party may prescribe qualifications of members)

"Every political party in this State through its State Executive Committee shall have the power to prescribe the qualifications of its own members and shall in its own way determine who shall be qualified to vote or otherwise participate in such political party; provided that no person shall ever be denied the right to participate in a primary in this State because of former political views or affiliations or because of membership or nonmembership in organizations other than the political party."

tion had passed a resolution excluding negroes from the Democratic primaries to be held in Texas for the nomination of state and county officers, Congressmen, etc. The Democratic state executive committee had approved the action of the Democratic Convention. This court held that under the facts shown in that case, and under such article 3107 and other Texas statutes regulating the affairs of political parties, in the matter of nominating state and county officers, Congressmen, etc., the state Democratic executive committee and the Democratic Convention, in passing such resolution, acted under powers granted them by the state, and that they were agencies of the state (Nixon v. Condon, supra), and that their action was in violation of White's rights under the Fourteenth Amendment.

But the questions here are wholly different from those presented in the two cases referred to. Here no authority is shown to have been conferred or attempted to be conferred, by any Texas statute, upon the Democratic executive committee of the city of Houston to prescribe the qualification of the members of the Democratic Party in the city of Houston, or to exclude negroes from such primary election, and it must be assumed that such committee is acting under powers inherent in the Democratic Party and conferred by it upon such committee, and not acting under powers conferred by the state, and that it is not an agency of the state. Nixon v. Condon, supra.

■ 4. This then brings forward the question of whether, in the absence of a controlling statute of the state, a political party in Texas, acting through its convention, committee, or otherwise under party rules and regulations, has inherent power to prescribe the qualifications of its members. I think this must be answered in the affirmative [Nixon v. Condon, 49 F.(2d) 1012 (C. C. A. 5th), White v. Democratic Executive Committee, supra], and that the action of defendant, city executive committee (acting not under powers derived from the state, and not as an agency of the state, but presumably in accordance with rules and regulations of the Democratic Party), in so denying plaintiff the right to vote in such primary election, does not violate Plaintiff's rights under the Fourteenth Amendment.

5. In view of the foregoing, it is unnecessary to determine whether the ruling of this court in White v. Democratic Executive Committee, supra, regarding the issue of a mandamus, or an injunction in the nature of a mandamus, is applicable here.

It follows that plaintiff's application for preliminary injunction must be denied. Let a decree be prepared and presented.