**SHAFFER et al. v. JORDAN.**

**No. 13786.**

United States Court of Appeals, Ninth Circuit.

May 28, 1954.

Edwin B. Stegman, Los Angeles, Cal., for appellants.

Edmund G. Brown, Atty. Gen., Leonard M. Friedman, Deputy Atty. Gen., for appellee.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On August 20, 1952, in the United States District Court for the Southern District of California, appellants, John R. Shaffer and Gerald F. Maxon, commenced a civil action against appellee, Frank M. Jordan, Secretary of State of the State of California, and Gordon L. McDonough. On motion of appellants, a judgment dismissing the action as to McDonough was entered on October 2, 1952. On motion of appellee, a judgment dismissing the action as to appellee was entered on January 26, 1953.[1] This appeal is from the judgment of January 26, 1953.

Appellee's motion was on two grounds —(1) that the District Court had no jurisdiction over the subject matter of the action, and (2) that the complaint failed

1. The judgment of January 26, 1953, was called an order.

to state a claim upon which relief could be granted. The action was dismissed on the first ground.

The complaint stated that the District Court's jurisdiction was "invoked pursuant to" 28 U.S.C.A. § 1343(3) [2] and was "also further invoked pursuant to" 28 U.S.C.A. § 1331,[3] and that appellants were citizens of the United States and of the State of California, were residents of the Fifteenth Congressional District of California and were qualified electors[4] and voters. In stating that appellants were voters, the complaint, in effect, stated that they had registered by making and signing affidavits of registration.[5]

The complaint stated, in substance, that a primary election was held in California on June 3, 1952, to nominate candidates to be voted for at the general election on November 4, 1952;[6] that at said primary election, McDonough and three others were candidates for the nomination of the Democratic Party of California for the office of Representative in Congress from the Fifteenth Congressional District of California; that McDonough and two others were candidates for the nomination of the Republican Party of California for that office; that McDonough received both nominations; and that the Democratic Party of California was a qualified political party.[7] In stating that McDonough received both nominations, the complaint, in effect,

stated that he received the highest number of votes for each nomination.[8]

The complaint stated that McDonough was not "a registered member of the Democratic Party of California," but was "a registered member of the Republican Party of California;" that Shaffer was "a registered member of the Democratic Party of California;" and that Maxon was not "a registered member of any qualified political party;" meaning, we suppose, that McDonough was not registered as affiliated with the Democratic Party of California, but was registered as affiliated with the Republican Party of California; that Shaffer was registered as affiliated with the Democratic Party of California; and that Maxon was not registered as affiliated with any qualified political party.[9] There is, in California, no registration of party members, as such.

The complaint stated, in substance, that McDonough would be certified by appellee as the candidate of the Democratic and Republican Parties of California for the office of Representative in Congress from the Fifteenth Congressional District of California;[10] that no other qualified political party had a candidate for that office; and that McDonough would be the only candidate for that office whose name would appear on the ballot to be used at the general election on November 4, 1952.

2. Section 1343(3) gives the United States district courts jurisdiction of actions to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

3. Section 1331 gives the United States district courts jurisdiction of "actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

4. See § 20 of the California Elections Code.

5. See §§ 21, 70, 120 and 220 of the California Elections Code.

6. See §§ 22–26 and 2000 of the California Elections Code.

7. See §§ 2540, 2540.3–2540.5 and 2540.9 of the California Elections Code. The complaint did not say whether the Republican Party of California was a qualified political party, but we know judicially that it was.

8. See §§ 2740 and 2742 of the California Elections Code.

9. See §§ 221–225, 2571, 2601, 2604 and 2619 of the California Elections Code.

10. See §§ 2740, 2749 and 2751–2753 of the California Elections Code.

■ The complaint stated conclusions of law to the effect that, by certifying McDonough as the candidate of the Democratic Party of California for the office of Representative in Congress from the Fifteenth Congressional District of California, appellee, under color of State law,[11] would deprive appellants of a right secured to them by § 2 of Article I of the Constitution of the United States, by the Fourteenth Amendment to the Constitution of the United States and by 2 U.S.C.A. § 9, namely, the right to vote, at the general election on November 4, 1952, for candidates for the office of Representative in Congress from the Fifteenth Congressional District of California. The stated conclusions were incorrect. The certification of McDonough as the candidate of the Democratic Party of California for the office of Representative in Congress from the Fifteenth Congressional District of California could not and did not deprive appellants of the right to vote for candidates for that office at the general election on November 4, 1952,[12] or deprive appellants of any other right.

■ The complaint was based upon the theory that a political party cannot lawfully nominate as its candidate for the office of Representative in Congress a person not registered as affiliated with that party, but registered as affiliated with another political party. The theory is untenable. Such nominations are permitted by California law[13] and are not contrary to the Constitution of the United States or to any law of the United States. Appellants have not cited, nor have we found, any case holding that such nominations are unlawful.[14]

The complaint prayed for declaratory relief, but it did not appear from the complaint that there was any "actual controversy"[15] between appellants and appellee.

The complaint prayed for an injunction restraining appellee from certifying McDonough as the candidate of the Democratic Party of California for the office of Representative in Congress from the Fifteenth Congressional District of California. However, by a written waiver filed with the District Court on October 8, 1952—long before the judgment appealed from was entered—appellants waived their prayer for an injunction.

The complaint prayed that appellants be given judgment for $20,000 and costs, but did not state any fact or facts entitling them to any judgment.

■ We conclude that the complaint failed to state a claim upon which relief could be granted; that the District Court nevertheless had jurisdiction over the subject matter of the action;[16]

---

11. The certification of McDonough as the candidate of the Democratic Party of California for the office of Representative in Congress from the Fifteenth Congressional District of California was under and pursuant to §§ 2740, 2749 and 2751–2753 of the California Elections Code and was not (as contended by appellants) under color of subdivision 4 of § 5 of Chapter 690, California Statutes, 1913, p. 1379 et seq., referred to in the complaint as the "California Primary Election Law of 1913" and as the "California cross-filing law." All of Chapter 690 except § 8 thereof was repealed in 1939. See § 90000 of the California Elections Code.

12. Appellants—both or either of them— could have voted for McDonough or could have written in the name of a person whose name was not printed on the ballot and could have voted for him. See § 5710 of the California Elections Code.

13. See §§ 2740 and 2742 of the California Elections Code.

14. Such nominations were not involved in Nixon v. Herndon, 273 U.S. 536, 47 S.Ct. 446, 71 L.Ed. 759; Nixon v. Condon, 286 U.S. 73, 52 S.Ct. 484, 76 L.Ed. 984; Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987; Ray v. Blair, 343 U.S. 214, 72 S.Ct. 654, 96 L.Ed. 894—all of which are cited by appellants.

15. See 28 U.S.C.A. § 2201.

16. See Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939; Weiss v. Los Angeles Broadcasting Co., 9 Cir., 163 F. 2d 313.

and that, therefore, instead of being dismissed for lack of jurisdiction, the action should have been dismissed for failure of the complaint to state a claim upon which relief could be granted.

Accordingly, the judgment appealed from is modified so as to dismiss the action for failure of the complaint to state such a claim and, as thus modified, is affirmed.[17]

17. Cf. Weiss v. Los Angeles Broadcasting Co., supra.