Carl HARVEY, Appellant,

v.

Jack R. SADLER et al., Appellees.

No. 18957.

United States Court of Appeals
Ninth Circuit.

April 23, 1964.

Rehearing Denied May 12, 1964.

**388**

Carl Harvey, Ontario, Cal., in pro. per., for appellant.

Joseph W. Jarrett, Los Angeles, Cal., for appellees, City of San Bernardino High School District, etc., and others.

Moss, Lyon & Dunn, and Charles B. Smith, Los Angeles, Cal., for appellee John C. McCarthy.

Before HAMLEY and DUNIWAY, Circuit Judges, and THOMPSON, District Judge.

HAMLEY, Circuit Judge:

■ Carl Harvey, proceeding *in propria persona*, brought this action against a high school district and nine individuals to recover damages in the sum of $1,456,000 or more. District court jurisdiction was asserted under the Seventh and Fourteenth Amendments of the Constitution, and certain provi-

sions of the Civil Rights Acts.[1] The action was dismissed on motion and Harvey, still proceeding *in propria persona* and also now *in forma pauperis*, appeals.

The material facts, as alleged in the complaint, are as follows: Harvey, a licensed building contractor, entered into a contract with the City of San Bernardino High School District to construct certain buildings. A dispute arose between the contracting parties as a result of which Harvey brought an action against the district to recover monies assertedly due on the contract. The suit, docketed as Action No. 105 121, was commenced in the Superior Court in and for the County of San Bernardino, State of California.

Harvey demanded a jury trial at the time of his first pretrial statement dated November 15, 1961. On April 6, 1962, the attorney for the district requested that the pretrial order be modified to provide for a non-jury trial. On April 11, 1962 Harvey deposited a sixty-dollar jury fee. On the same day, Judge Joseph T. Ciano ruled that there would not be a jury trial. On April 30, 1962, Judge Carl B. Hilliard, to whom the case had apparently been assigned, in private conference with the attorneys for Harvey and the district, and without Harvey being present, agreed that there would not be a jury trial. Harvey did not personally agree thereto.

The non-jury trial began on May 1, 1962. After Harvey had presented his evidence an agreement to settle the case was entered into. Harvey agreed to this upon the representation of his attorney that he could not win the case and that it would cost several thousand dollars to complete the trial and to take an appeal. Harvey was not called into court and advised by the court that if a judgment dismissing with prejudice Action No. 105 121 was entered, he would lose any

---

1. The provisions of the Civil Rights Acts relied upon are 28 U.S.C. § 1343 (1958), and Rev.Stat. § 1979, 1980 and 722 (1875), 42 U.S.C. §§ 1983, 1985 and 1988 (1958). If the constitutional provisions relied upon could, under any circumstances, provide a direct basis for recovery (see Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939), district court jurisdiction to entertain such a claim would rest on 28 U.S.C. § 1331 (1958).

further right of action on the claim asserted.

Under the agreement which, according to the complaint, was obtained by fraud, deceit, conspiracy or misrepresentation, Harvey accepted $23,843.75 and abandoned claims in excess of $126,000. Action No. 105 121 was thereupon dismissed with prejudice.

The complaint also makes reference to another state action, now pending in the same county, docketed as No. 104 412, in which Harvey is defendant. The plaintiff or plaintiffs are not named in the complaint before us, nor is the nature of the action disclosed other than that it involves issues in equity. In that action, according to the complaint, the court ordered that the jury be "advisory only in matters of equity." It is alleged that this order deprived Harvey of his asserted constitutional right to trial by jury, and that the judge who is presiding in Action No. 104 412 is prejudiced against him.

All of the defendants, listed in the margin,[2] moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Some also moved to dismiss for lack of district court jurisdiction over the subject matter and over the person of the defendants so moving. The three defendant judges also moved, in the alternative, for a summary judgment in their favor.

The district court entered an order dismissing the complaint for lack of jurisdiction over the subject matter. A motion to set aside the order was denied. Indicating no desire to plead further, and

regarding the latter order as a final judgment dismissing the action, Harvey took this appeal.

Appellees move for dismissal of the appeal because of appellant's noncompliance with our Rule 17(6) pertaining to the filing of a concise statement of points, and our Rule 18(2), relating to the contents of briefs on appeal. We would be warranted in dismissing the appeal on these grounds. However, the appeal is prosecuted *in propria persona* by a layman, and only questions of law are involved which appellees were able to deal with despite the indicated rule violations. In the exercise of our discretion we therefore deny the motion to dismiss the appeal, made on the indicated ground.

Appellees also ask us to dismiss this appeal for lack of jurisdiction, arguing that the district court lacked jurisdiction over the subject matter and over the person of the appellees and that, by reason thereof, this court also lacks jurisdiction to entertain the appeal.

This is not a valid ground for dismissing an appeal. See Russell v. United States, 9 Cir., 306 F.2d 402, 404-405. Moreover, despite the district court ruling to the effect that it lacked subject-matter jurisdiction, the record indicates that there was jurisdiction over both the subject matter and the person of the defendants. As the Supreme Court said in Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, " * * * the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." [3]

---

2. Defendants Carl B. Hilliard and Joseph T. Ciano, are judges of the Superior Court in and for the County of San Bernardino, who are alleged to have acted in a judicial capacity in Action No. 105 121. Defendant Henry M. Busch is a judge of the same superior court, who is alleged to have acted in a judicial capacity in Action No. 104 412.

Defendant John C. McCarthy is a practicing attorney who is alleged to have represented Harvey in Action No. 105 121. Defendant Robert J. Bierschbach is a practicing attorney who is al-

leged to have represented the high school district in Action No. 105 121. Defendant Roy E. Chapman is a member and president of the board of defendant high school district. The remaining defendants, F. Eugene Mueller, Jack R. Sadler and Cyrus K. Allen are, respectively, the superintendent of schools, assistant superintendent for business and staff architect for the defendant school district.

3. See, also, York v. Story, 9 Cir., 324 F.2d 450, 452-453; Agnew v. City of Compton, 9 Cir., 239 F.2d 226, 229.

◼

◼ If, therefore, the judgment is to be sustained it must be for failure of the complaint to state a claim upon which relief can be granted. If this ground is meritorious we may affirm thereon, despite the fact that this was not a ground upon which the district court relied. See Shaffer v. Jordan, 9 Cir., 213 F.2d 393, 397.

◼ The complaint fails to state a claim against the three judges because their acts complained of were done in the exercise of their judicial functions under an absolute immunity from civil liability. Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 347–354, 20 L.Ed. 646; Agnew v. Moody, 9 Cir., 330 F.2d 868.

◼ The complaint fails to state a claim against the school district under the Civil Rights Act because Congress did not intend that municipal corporations be liable for damages thereunder. Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492; Sires v. Cole, 9 Cir., 320 F.2d 877, 879.

· ◼ The complaint fails to state a claim against any of the defendants based upon the asserted denials of trial by jury. As for Action No. 105 121 any such claim is negated at the outset by the fact that the case was settled before it went to the fact-finder. As for Action No. 104 412, any such claim is foreclosed by the fact that no defendants other than a judge who has absolute immunity are alleged to have had any connection with the case. We do not reach the question of whether, under any circumstances, an unappealed state trial court ruling denying a jury trial could provide the basis for a Civil Rights Act damage claim.

◼ The complaint fails to state a claim against any of the defendants based upon asserted fraud, conspiracy, misrepresentation or obstruction of justice in connection with the partial trial and settlement of Action No. 105 121. The complaint is devoid of factual allegations tending to show that there was fraud, conspiracy, misrepresentation or obstruction of justice during the partial trial or in connection with the settlement. We do not reach the question of whether, under any circumstances, any such misconduct during the course of or in connection with the settlement of a state civil action could provide the basis for a Civil Rights Act damage claim.

The complaint fails to state a claim against any of the defendants based upon the asserted prejudice of the judge in Action No. 104 412. No defendants, other than a judge who had absolute immunity, are alleged to have had any connection with that case. We do not reach the question of whether, under any circumstances, the prejudice of a judge in a state civil action could give rise to a Civil Rights Act damage claim.

Affirmed.