Elizabeth A. BRANDON and James D. Muse, Plaintiffs-Appellees, Cross-Appellants,

v.

Robert J. ALLEN, Defendant-Cross-Appellee,

E. Winslow Chapman, Defendant-Appellant, Cross-Appellee.

Nos. 82–5321, 82–5346.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 1, 1983.

Decided Oct. 11, 1983.

Henry L. Klein (argued), Clifford D. Pierce, Jr., Memphis, Tenn., for defendant-appellant, cross-appellee.

Elizabeth McKanna (argued), Memphis, Tenn., for plaintiffs-appellees cross-appellants.

Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

Plaintiffs, Elizabeth A. Brandon and James S. Muse, commenced this action in the District Court for the Western District of Tennessee, 516 F.Supp. 1355, to recover damages and declaratory relief under 42 U.S.C. § 1983 and the Fourteenth Amendment. Their complaint arises from an assault and battery committed against them by ex-police officer defendant Robert J. Allen. Plaintiffs also sue E. Winslow Chapman, Director of the Memphis Police Department, in his official capacity for his failure to prevent the assault. The case presents questions concerning the standard of liability of supervisory police officials and the measure of damages against police officers who deliberately and without provocation assault citizens under color of law.

### I. Facts

The plaintiffs, who were high school seniors at the time, were parked in a secluded spot at 11:30 p.m. on March 5, 1977. Officer Allen was then employed by the Memphis Police Department but was off duty. The officer approached the parked car, showed his police identification card, and ordered the young man to get out of the car. When Muse obeyed the order, Officer Allen maliciously and without provocation struck Mr. Muse in the head and neck and then stabbed him with a knife. Muse managed to get back into the car and drive off despite Officer Allen's efforts to get into the car. As Muse pulled away, Officer Allen fired his gun at the car shattering the windshield and causing facial injuries to Ms. Brandon. The young couple went immediately to the hospital with Officer Allen in pursuit. Allen was subsequently tried in criminal court and convicted of assault with intent to murder.

The plaintiffs received a default judgment in the District Court against defendant Allen. The District Court also found Director Chapman liable in his official capacity for the injuries suffered by the plaintiffs. The cause was referred to the United States Magistrate for a recommendation on the amount of damages to be awarded. The Magistrate recommended and the District Court agreed that Mr. Muse should receive $21,310.75 in compensatory damages and out-of-pocket expenses, that Ms. Brandon was entitled to $5,000 in compensatory damages, and that each should get $25,000 in punitive damages. The compensatory and out-of-pocket damage awards were made against defendants Chapman and Allen jointly and severally while the punitive damages were assessed only against Allen.

The plaintiffs challenge the award of damages because the compensatory damages were not measured to take into account the deprivation of their constitutional rights by the police officer. Defendant Chapman, cross-appealing, challenges the finding of liability against him primarily by attacking the standard utilized by the District Court. Defendant Allen has neither appealed nor participated in this appeal.

We hold that the District Court erred by finding Director Chapman liable for the attack perpetrated by Officer Allen. Therefore, we need not reach the damage question as it pertains to Director Chapman. Compensatory damages were awarded against both defendants jointly and severally, however, so the plaintiffs' challenge to the compensatory award must be addressed with regard to the absent defendant, Robert J. Allen. Because we believe that the Magistrate and the District Court erred in refusing to allow the full measure of compensatory damages under applicable law, we reverse and remand that portion of the District Court's judgment which establishes plaintiffs' damages.

II. Liability of Police Director Chapman

In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court recently clarified the standard of liability under § 1983 against supervisory officials in the law enforcement and corrections field. The Court listed the following two essential elements which must be present as a threshold consideration to support a § 1983 action: (1) the perpetrator must have acted under color of state law and (2) the conduct must have deprived the complainant of rights, privileges or immunities secured by the Constitution or laws of the United States. 451 U.S. at 535, 101 S.Ct. at 1912. The Court specifically declined to adopt a standard requiring more than simple negligence. It concluded that "nothing in ... § 1983 ... limits the statute solely to intentional deprivations" or denies liability to a "wrong ... negligently as opposed to intentionally committed." *Id.* at 534, 101 S.Ct. at 1912.

■ Although the *Parratt* Court set a comparatively low threshold standard for showing a § 1983 deprivation in cases against supervisory officials, the Court did not disturb its holdings in previous cases which extend to governmental officials a qualified immunity defense based on good faith. The Court referred with approval to its decision in *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), which held that state prison officials were entitled to qualified immunity in suits under § 1983. In other words, governmental officials are immune from liability under § 1983 unless they "knew or reasonably should have known" that their actions would cause a constitutional or statutory deprivation. *Id.* at 562, 98 S.Ct. at 860.

The parties in this case expend considerable energy either relying on or distinguishing our opinion in *Hays v. Jefferson County,* 668 F.2d 869 (6th Cir.1982), which was decided without the benefit of *Parratt, supra.* In *Hays,* the plaintiffs sued various high level police officials under § 1983 to redress injuries suffered at the hands of street level officers during an anti-busing demonstration. We held that simple negligence was insufficient to support a § 1983 claim. The governmental authority must be shown to have either encouraged or in

some other way directly participated in the misconduct. *Hays, supra,* at 874.

Defendant Chapman argues in his brief that he should not be held liable because of this higher standard set out in *Hays.* The Supreme Court in *Parratt* clearly rejected this higher threshold standard. Liability based on negligence is sufficient, and the *Parratt* case undermines our decision in *Hays.* We need not decide, however, whether the District Court correctly found that Director Chapman was guilty of simple negligence by failing to prevent the assault on the plaintiffs. We need not reach this question because Director Chapman is protected by the qualified immunity.

In *Procunier, supra,* the Supreme Court reaffirmed that governmental officers have immunity if they acted in good faith:

> It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct.

*Id.* at 562, 98 S.Ct. at 859–860 (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

■ Director Chapman acted in good faith and is accordingly entitled to immunity. The record is clear that he knew nothing whatsoever about Officer Allen—including Allen's instability. Director Chapman assumed his office only six months prior to the incident with the plaintiffs. He was in the process of instituting significant changes to stop police brutality in Memphis. He played no personal role in the actual incident; he executed his supervisory functions in good faith and with diligence in order to prevent just this type of citizen abuse. We can find no indication in the record that he acted with anything other than good faith during his short tenure in office prior to the incident.

■ The plaintiffs' argument that the qualified immunity is inapplicable simply because they sued Chapman in his official capacity is unavailing. Under *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), a municipality is not entitled to claim the qualified immunity that the city's agents can assert. But this is a suit against an individual, not the city. In reality, plaintiffs are attempting to amend their complaint so as to treat the Police Director as though he were the City in order to avoid the qualified immunity which shields Director Chapman. Such an argument is without support in precedent or reason.

## III. The Damages Issue

In his Report and Recommendation on damages, the Magistrate refused to allow plaintiffs' damage award against Allen to reflect the fact that the injury to their dignity, the insult to their person was greater because the assault was carried out by a police officer acting under color of law. The Magistrate based this decision on *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), which holds that a successful plaintiff in a procedural due process § 1983 action is entitled to recover only nominal damages in the absence of proof of actual injury. The Court observed that although the law recognizes the importance to organized society that certain "absolute rights" be protected, "substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights." *Id.* at 266, 98 S.Ct. at 1054. Citing the *Piphus* Court's emphasis on actual injury and the compensation principle, the Magistrate and the District Court appear to have concluded that damages may only include actual or special damages for the physical injury involved and may not reflect injury to the dignity of the person which arises when a police officer under color of law assaults a citizen.

■ We believe that the Magistrate erred in refusing to consider fully the nature of the wrong in measuring damages. In addition to providing compensation for plaintiffs who incur tangible physical or economic injury, the common law for centuries has permitted recovery for invasions of

a wide array of intangible "dignitary interests;" in such cases, injury is presumed. *See* D. Dobbs, Law of Remedies § 7.3, at 528 (1973). The *Piphus* case has not disturbed this principle as it pertains to constitutional tort actions in general. On the contrary, the Supreme Court stressed that common law rules "defining the elements of damages and prerequisites for their recovery provide the appropriate starting point for the inquiry under § 1983 as well." *Carey v. Piphus, supra,* 435 U.S. at 257–58, 98 S.Ct. at 1049. Moreover, the Court explicitly limited its decision in *Piphus* by noting that "the elements and prerequisites for recovery of damages appropriate to compensate injuries caused by the deprivation of one constitutional right are not necessarily appropriate to compensate injuries caused by the deprivation of another." *Id.* at 264–65, 98 S.Ct. at 1053.

Unlike *Piphus,* the instant assault and battery case entails actions by a Memphis police officer which clearly violated plaintiffs' substantive rights to enjoy the security of life and limb. At common law, general as distinguished from special damages were allowed. *See* D. Dobbs, *supra,* at 528. In such cases, two other circuit courts have held that § 1983 plaintiffs may recover substantial general money damages as compensation for the wrong. *See Corriz v. Naranjo,* 667 F.2d 892, 897–98 (10th Cir.1981), *cert. dismissed,* —— U.S. ——, 103 S.Ct. 5, 73 L.Ed.2d 1394 (1982); *Herrera v. Valentine,* 653 F.2d 1220, 1227–31 (8th Cir.1981). We agree with the Tenth and Eighth Circuits that there is a qualitative and quantitative difference between injury suffered as a result of a wrong for which the common law did not allow general damages and an injury resulting from an intentional battery by a police officer. This common law distinction must continue to play a role in the awarding of compensatory damages in § 1983 actions. *See* D. Dobbs, *supra,* at 531 (1973).

We, therefore, reverse the District Court's judgment regarding compensatory damages and remand the case so that the nature of the wrong may be considered in computing plaintiffs' compensatory damage

award. Because of our holding in Part I of this opinion that defendant Chapman is immune to this suit, the remand regarding damages pertains only to defendant Allen.

Accordingly, the decision of the District Court is reversed and the case remanded for further proceedings consistent with this opinion.