**Richard WALJE, Plaintiff-Appellant,**

**v.**

**The CITY OF WINCHESTER, KEN-TUCKY; Gentry Jones, individually and in his official capacity as Chief of the Fire Department of Winchester, Kentucky; Bruce M. Graham, Jr., individually and in his official capacity as City Manager of the City of Winchester, Kentucky; and Mike McGuire, individually and in his official capacity as City Commissioner of the City of Winchester, Kentucky, Defendants-Appellees.**

**No. 84–5769**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 5, 1985.

Decided Sept. 30, 1985.

John Frith Stewart, argued, Segal, Isenberg, Sales & Stewart, Louisville, Ky., for plaintiff-appellant.

Edsel T. Jones, Winchester, Ky., George F. Rabe, argued, Clay, Williamson, Rabe, Mayre & Cowden, Lexington, Ky., for defendants-appellees.

Before KEITH and MERRITT, Circuit Judges, and DOWD, District Judge.*

MERRITT, Circuit Judge.

In this action under 42 U.S.C. § 1983, the District Court found that the defendant City of Winchester and various of its city officials had violated plaintiff Richard Walje's First Amendment right to free

---

* The Honorable David D. Dowd, Jr., Judge of the United States District Court for the Northern District of Ohio, sitting by designation.

speech and assembly by suspending him as a Winchester firefighter in retaliation for making public statements expressing the firefighters' grievances over pay and working conditions. The District Court awarded only nominal damages, however, because it found that Walje had not established that he had suffered any actual injury from his suspension, and the court drastically reduced Walje's requested attorney's fees, partly on the basis of its ruling on the damages issue, because it found that Walje had achieved "limited but significant" success. Because we find that the District Court incorrectly ruled that general damages are not available for violations of substantive constitutional rights, and failed to adequately specify the reasons and method of reducing the requested attorney's fee award, we reverse and remand for further consideration in light of this opinion.

### I.

Walje became a member of the Winchester, Kentucky, fire department after a number of firefighters were terminated when they attempted to go on strike against the city. Walje was instrumental in forming the Winchester Fraternal Order of Firefighters (FOF) a group which communicated the firefighters' collective position on subjects such as job training, work conditions and pay. Walje was elected president of this organization, and made presentations before the city commission, conducted meetings in the fire station, and wrote letters voicing firefighters' grievances to the local newspaper. On January 29, 1981, a dispute arose over a radio station interview Walje had given in the fire station, and the next day he was informed that he had failed to pass a test which all firefighters were required to take and pass in order to remain on the force. A confrontation occurred the next day over the availability of Walje's test results, and he was suspended from the force for insubordination.

The District Court issued a TRO restraining the defendants from interfering with Walje's exercise of his First Amendment rights, and after Walje attempted to return to work but was told that he was still suspended on February 16, 1981, the court issued a preliminary injunction preventing Walje's further suspension.

The District Court found that Walje's suspension had been substantially motivated by the defendants' desire to inhibit Walje and other FOF members from exercising their First Amendment rights to form an employee association and to speak out on issues of firefighter morale, training and conditions of employment, and to retaliate against Walje as a leader of the organization who had been particularly vocal in presenting its concerns. A. 79–81. However, the court denied Walje's motion for a permanent injunction, finding that he had failed to show an imminent threat of future violations of his constitutional rights, and also ruled that under *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), Walje was entitled to recover only nominal damages, because he had not shown that he suffered any actual damages from the defendants' violation of his constitutional rights. A. 82. The court also found that Walje was entitled to recover attorney's fees from the defendants under 42 U.S.C. § 1988 at a level commensurate with his degree of success in this suit. *Id.*[1]

Walje's counsel accordingly filed a motion for attorney's fees, with accompanying documentation of the hours spent on various aspects of the case, requesting a total fee of $25,514.65 for 299 hours of service. *See* A. 86–123. On July 27, 1984, the District Court denied Walje's motion to alter the previous findings that Walje had failed to show any actual damages or to show an imminent threat to his constitutional rights. In that same order, the court granted Walje's motion for attorney's fees, but reduced the amount awarded to $4,000. A.

---

**1.** 42 U.S.C. § 1988 provides that in federal civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

235–236. In reducing the fee to less than one-sixth of the requested amount, the District Court said only that Walje's claims for a permanent injunction and damages were unsuccessful, and since counsel "expended most of its energies" on these claims, Walje had achieved only a "limited but significant" degree of success and $4,000 was a fair and reasonable attorney's fee award. *Id.*

The defendants did not appeal the District Court's decision finding a First Amendment violation. Only the plaintiff appeals.

## II.

### A.

◼ The District Court's decision that Walje's failure to show actual damages entitled him only to nominal damages was made prior to and without the benefit of our decision in *Brandon v. Allen,* 719 F.2d 151, 154–55 (6th Cir.1983), *rev'd on other issues sub nom. Brandon v. Holt,* — U.S. ——, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), that *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), was limited to holding that a successful plaintiff in a procedural due process Section 1983 action is entitled to recover only nominal damages in the absence of proof of actual injury, while in Section 1983 actions establishing violations of substantive constitutional rights, general damages may be awarded even if there is no showing of actual injury. Guided by the Court's view in *Piphus* that common law rules "defining the elements of damages and prerequisites for their recovery provide the starting point for the inquiry under 1983 as well," 435 U.S. at 257–58, 98 S.Ct. at 1048–49, we noted in *Brandon* that the common law had permitted recovery for a wide array of intangible "dignitary interests," in which cases injury was presumed and general as distinguished from special damages were allowed. 719 F.2d at 155 (citing D. Dobbs, Law of Remedies, § 7.3, at 528–29 (1973)).

*Brandon* involved a police officer's brutal beating and stabbing of a young high school couple discovered "parking"—an unreasonable seizure in violation of the substantive protections afforded by the Fourth Amendment as incorporated in the Fourteenth Amendment. We joined two other circuits in finding such an unreasonable seizure to be closely analogous to the common law tort of assault and battery, for which general damages were presumed from the violation of the victim's right to bodily integrity. *See Corriz v. Naranjo,* 667 F.2d 892, 897–98 (10th Cir.1981), *cert. dismissed,* 458 U.S. 1123, 103 S.Ct. 5, 73 L.Ed.2d 1394 (1982); *Herrera v. Valentine,* 653 F.2d 1220, 1227–31 (8th Cir.1981).

In the present case, we are confronted with a violation of the First Amendment guarantee of free speech and association. The common law, concerned as it is with the protection of private interests from unconsented intrusions and interference by other private actors, of course has not recognized as a tort the violation of a person's free speech rights. However, under the traditional common law of defamation, when the action involved publication of a libel or slander per se, general damages were awarded as an estimate, however rough, of the harm to reputation. W. Prosser & W.P. Keeton, The Law of Torts § 116A, at 843 (5th ed. 1985). General damages were also awarded in similarly speech-related torts such as assault, intentional infliction of mental distress, and some kinds of invasion of privacy. *See* Dobbs, at 528.

In these torts, general damages represent compensatory damages for a harm so frequently resulting from the tort that it is the very basis of the cause of action, Restatement (Second) of Torts § 904 (1979); that is, in these cases, the major purpose of the suit may be to obtain a public declaration that the plaintiff was improperly treated and general damages serve the purpose of vindicating the injured party. *See* Restatement (Second) of Torts § 901, at 453 (1977). A similar principle has been recognized in a centuries-old line of cases holding that the right to vote is "so valuable that damages are presumed from the

wrongful deprivation of it without evidence of actual loss." *Wayne v. Venable,* 260 F. 64, 66 (8th Cir.1919). *See also Lane v. Wilson,* 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); *Nixon v. Herndon,* 273 U.S. 536, 47 S.Ct. 446, 71 L.Ed. 759 (1927).

As a basic element of our fundamental law, the First Amendment's protections of speech, press and assembly serve not only as an instrument of successful self government, but as symbols of the kind of society we wish to be. Because it serves more than merely instrumental goals, the right of free speech may be violated without accompanying consequential or "actual" injury. *See* Note, *Damage Awards for Constitutional Torts: A Reconsideration After Carey v. Piphus,* 93 Harv.L.Rev. 966, 1976–77 (1980). However, just as the common law, premised on the basic principle of compensation for private wrongs, has recognized that general damages are appropriate where the very violation itself causes harm, so too must Section 1983 permit the recovery of general damages for First Amendment violations, which by their very nature weaken and damage the guarantee of free speech. General damages are thus necessary in order to fully vindicate the challenged substantive right and to deter future conduct that threatens its practical significance. *See Tatum v. Morton,* 562 F.2d 1279, 1282 (D.C.Cir.1977) (right to demonstrate is an important strand in First Amendment cluster of rights, and vindication of these rights requires that compensatory damages embrace more than recompense for monetary injury).

The District Court therefore erred in concluding that the plaintiff was restricted to nominal damages in the absence of proof of actual injury caused by the defendants' violation of his free speech rights, and we remand this issue for a determination of the amount of general damages in light of the general principles set forth above and guidelines drawn from the above cited cases and other relevant authority on general damages.

**B.**

In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Court considered the appropriate method of determining "reasonable" attorney's fees under Section 1988 in situations where the plaintiff is deemed to be prevailing even though he succeeded on only some of his claims for relief. Although emphasizing the district court's discretion in determining the amount of the fee award, 461 U.S. at 437, 103 S.Ct. at 1941, the Court reversed and remanded because it found that the district court had not properly considered the relationship between the extent of success and the amount of the fee award. 461 U.S. at 438, 103 S.Ct. at 1942. The Court set forth the following standards for determining fees in these partial success cases:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

461 U.S. at 440, 103 S.Ct. at 1943.

The District Court found that Walje had achieved "only limited success," and awarded what it called a "reasonable" fee. However, in *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 636–37 (6th Cir.1979), we held that while a district court retains discretion in determining a "reasonable" fee, and may cut hours for duplication, padding and the like, a district court must indicate the hours eliminated and its reasons for their elimination, and must in general explain why and how the fee was reduced. The District Court's statement here that the fee was reduced from over $25,000 to $4,000 because plain-

tiff's counsel "expended most of its energies" on the unsuccessful claims lacks the specificity required by *Northcross* and does not allow this Court to review the award.

The fee award is therefore reversed. In light of our disposition of the damages issue, in determining the fee award on remand, the District Court should treat this as a suit consisting of related claims in which the plaintiff has won "substantial relief," and in accordance with *Hensley v. Eckerhart,* 461 U.S. at 440, 103 S.Ct. at 1943, should not reduce the attorney's fee award here simply because it did not adopt plaintiff's contention that a permanent injunction was warranted. The District Court should also provide a specific explanation of how it arrives at any reduced award, in accordance with the standards set forth in *Northcross.*

Accordingly, the decision of the District Court is reversed on the damages and attorney's fee issues, and the case is remanded to the District Court for further consideration of these issues in accordance with this opinion.