Richard WALJE, Plaintiff-Appellee,

v.

The CITY OF WINCHESTER, KENTUCKY; Gentry Jones, individually and in his official capacity as Chief of the Fire Department of Winchester, Kentucky; Bruce M. Graham, Jr., individually and in his official capacity as City Manager of the City of Winchester, Kentucky; and Mike McGuire, individually and in his official capacity as City Commissioner of the City of Winchester, Kentucky, Defendants-Appellants.

No. 86–5791.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 3, 1987.

Decided Sept. 2, 1987.

George F. Rabe (argued), Lexington, Ky., Edsel T. Jones, Winchester, Ky., for defendants-appellants.

Dennis Janes, Segal, Isenberg, Sales and Stewart, John Frith Stewart (argued), Louisville, Ky., for plaintiff-appellee.

Before MERRITT, Circuit Judge, EDWARDS and CONTIE, Senior Circuit Judges.

MERRITT, Circuit Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, the City appeals from the District Court's grant of $5,000 general damages for violations of Mr. Walje's First Amendment rights and approximately $39,000 for attorney fees during the litigation. Because we agree with the District Court's assessment of the damages and the attorney fees, we affirm.

Mr. Walje is a fireman in Winchester, Kentucky. He became a member of the department immediately after a number of officers were fired when they attempted to strike against the City. Subsequently, Mr. Walje formed and was elected president of the Winchester Fraternal Order of Firefighters, a group which communicated the firefighters' collective position on employment matters to the City. In 1981, Mr. Walje was involved in a dispute over a radio station interview he gave in the fire station. Immediately thereafter Mr. Walje was suspended from his duties, allegedly for failure to pass a required exam.

The District Court issued a temporary restraining order against the fire department ordering that it refrain from interfering in Mr. Walje's exercise of his First Amendment rights. When Mr. Walje attempted to return to work, however, he was told that he remained on suspended status. The District Court then entered a preliminary injunction preventing the further suspension of Mr. Walje.

After trial of the case without a jury, the District Court found that Mr. Walje's suspension was substantially motivated by the department's desire to inhibit Mr. Walje's First Amendment rights.[1] The Court denied Mr. Walje's motion for a permanent injunction, finding that he had failed to show an imminent threat of future violations of his constitutional rights. Furthermore, the Court found that Mr. Walje was only entitled to nominal damages because he had failed to prove specific instances of actual harm arising from the deprivation.

---

1. For a more complete discussion of the facts, see *Walje v. City of Winchester*, 773 F.2d 729 (6th Cir.1985).

The Court also found that Mr. Walje was entitled to attorney fees commensurate with the success of his suit. *See* 42 U.S.C. § 1988 (1982). Subsequently, Mr. Walje's lawyer submitted a motion for attorney fees in the amount of approximately $25,-000 for 299 hours of service with appropriate documentation. The Court reduced the amount of fees granted to $4,000 because the claims for a permanent injunction and actual damages had been denied and counsel had spent considerable time on these unsuccessful claims. The defendants did not appeal the finding of a First Amendment violation; however, Mr. Walje did appeal both the denial of actual damages and the reduction in attorney fees.

On appeal, this Court held that Mr. Walje was entitled to general damages on the facts of the case. Analogizing the case to common law torts such as defamation, the Court reasoned that general damages are appropriate in cases such as this one because the harm is likely to have occurred but is difficult to prove. "In these torts, general damages represent compensatory damages for a harm so frequently resulting from the tort that it is the very basis for the cause of action...." *See Walje v. City of Winchester*, 773 F.2d 729, 731 (6th Cir.1985) (citation omitted).

Moreover, the Court also disagreed with the District Court's reduction of the fee award. First, the Court held that the District Court's order reducing damages did not meet the specificity required by *Northcross v. Board of Education*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), thereby precluding proper appellate review of the award. Accordingly, the Court reversed the fee award. Furthermore, the Court instructed the District Court on remand to treat this case as one where the plaintiff has won "substantial relief" on related claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983). Thus the District Court could not reduce the attorney fee award on remand merely because the permanent injunction was denied.

On remand, the District Court granted Mr. Walje a $5,000 compensatory award for general damages resulting from the violation of his substantive constitutional rights. Moreover, the District Court granted approximately $39,000 in attorney fees, which included fees for the first successful appeal.

■ In the interim between the District Court's decision on remand and this appeal, the United States Supreme Court decided *Memphis Community School District v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), which the defendants interpret as foreclosing an award of general damages in this case. In that case, the Court held that damages in § 1983 actions are intended to be compensatory and therefore it was improper to award damages based solely on the abstract value of the constitutional right deprived. The *Stachura* decision looked to common law tort principles in analyzing the damages issue. Moreover, *Stachura* held that presumed damages are an appropriate substitute for ordinary compensatory damages in cases where the "plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish...." *See id.* at 2545 (citations omitted).

The *Stachura* decision cited with approval the long line of cases which uphold money damages as compensation for persons deprived of their right to vote. *See, e.g., Nixon v. Herndon*, 273 U.S. 536, 47 S.Ct. 446, 71 L.Ed. 759 (1927). The Court recognized that the focus of these decisions is broader than simply the value of the constitutional right involved. The Court stated that "presumed damages" are appropriate for nonmonetary harm that cannot easily be quantified:

In the eyes of the law th[e] right [to vote] is so valuable that damages are presumed from the wrongful deprivation of it without evidence of actual loss of money, property, or any other valuable thing, and the amount of the damages is a question peculiarly appropriate for the determination of the jury, because each member of the jury has personal knowledge of the value of the right.

*See* 106 S.Ct. at 2545 n. 14 (quoting *Wayne v. Venable,* 260 F. 64, 66 (8th Cir.1919)).

The prior panel decision in this case specifically held that general damages may be appropriate because injury was likely to have occurred, but the specific elements of the damage were difficult to pinpoint because of the nature of the injury. As recognized in the prior decision, this form of general damage award is commonly granted in actions for common law speech torts. This analogy to common law tort principles is correct in light of *Stachura.*

The *Stachura* Court admonished us that the proper focus of damage awards for constitutional torts should be compensatory and that it is proper to look to common law tort principles in granting presumed damages in cases where specific damages are difficult to establish. This is precisely the focus of general damage awards and is exactly what the prior decision of the Court in this case held.

In *Parrish v. Johnson,* 800 F.2d 600, 607 (6th Cir.1986), this Circuit followed the earlier decision in this case after *Stachura* was decided. Moreover, in a decision affirmed by the United States Supreme Court, the Seventh Circuit has also held that general damages remain an appropriate remedy under § 1983 for First Amendment violations after *Stachura. See City of Watseka v. Illinois Pub. Action Council,* 796 F.2d 1547 (7th Cir.1986), *aff'd,* —— U.S. ——, 107 S.Ct. 919, 93 L.Ed.2d 972 (1987).

■ On remand, the District Court held that Mr. Walje was entitled to $5,000 general damages compensation for injuries to his exercise of his First Amendment rights. We agree with the District Court.

Mr. Walje was clearly injured by his unlawful suspension from the fire department. He was suspended from the department at a time when his wife was 8½ months pregnant and was thereby placed in a position where he and his wife felt that his health insurance for the birth of his child would be jeopardized. The plaintiff testified that he had never been under such pressure in his life and that he felt close to a nervous breakdown due to the suspension. These facts are sufficient to support a $5,000 award of general damages. *See* Joint Appendix 80–88.

■ The City's challenge to the award of attorney fees is directly tied to its challenge of the validity of the underlying award of general damages. Accordingly, because we uphold the general damage award and because we find the attorney fee award reasonable on the facts, we affirm the District Court's award of fees.

For these reasons, we affirm the judgment of the District Court.