# UNITED STATES COURT OF APPEALS

**Filed 12/24/96** TENTH CIRCUIT

---

DAMON STRANGE,

     Plaintiff-Appellant,

v.

MARTIN J. PORATH, individually
and in his official capacity,

     Defendant,

     and

ALBUQUERQUE, CITY OF,

     Defendant-Appellee.

Case No. 96-2072

(D.C. CV-95-242-JP)
(District of New Mexico)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Damon Strange appeals the district court's grant of summary judgment in

favor of the City of Albuquerque and Officer Martin J. Porath on his claims under

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights. Mr. Strange argues that the district court erred in concluding that Officer Porath did not act under color of law when he seized property belonging to Mr. Strange.

We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the decision of the district court.

## I. Background

This case involves a fight between Officer Porath and Mr. Strange at the Mr. Strange's insurance agency. The essential facts regarding this appeal are not in dispute, and we will consider them in the light most favorable to the Plaintiff. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

Martin J. Porath, an off-duty officer with the Albuquerque Police Department ("APD"), visited Mr. Strange's office on March 17, 1994, in order to obtain personal insurance documents for a vehicle formerly insured through Mr. Strange's office. Officer Porath drove his personal vehicle and was not in uniform. Officer Porath carried his police badge and gun but displayed neither item at anytime. Although Mr. Strange had spoken to Officer Porath on the telephone several months earlier, the two men had never seen each other prior to this date.

Officer Porath entered Mr. Strange's office at 9:15 am and approached Mr.

Strange, who was seated at his desk. Before any verbal exchange, Officer Porath placed his police department business card on Mr. Strange's desk. Mr. Strange recognized the name "Porath" as a client of his insurance business.

Officer Porath then asked to see a copy of his insurance file. According to Mr. Strange it was not customary to allow a customer to review his insurance file, but he complied with the request because Officer Porath was a police officer. Mr. Strange located the file and placed it before Officer Porath.

After reviewing the file, Officer Porath picked up two files from his desk, including the Porath file. Mr. Strange asked Officer Porath to return the file, and Officer Porath refused. Mr. Strange then attempted to seize the file, but Officer Porath pushed him away, and a fight ensued. After the fight, Officer Porath left Mr. Strange's office with the Porath file. Mr. Strange suffered physical injuries, including knee damage that required surgery.

Mr. Strange filed the instant case in March 1995. He asserted § 1983 claims against Officer Porath and the City of Albuquerque alleging that Officer Porath violated his Fourteenth Amendment right to due process and his rights under the Fourth and Fourteenth Amendment to be free from illegal seizure, arrest without probable cause, and unjustified intrusions into his personal security. In addition, Mr. Strange asserted claims of negligent and intentional torts under state law. Officer Porath and the City of Albuquerque filed motions for summary

3

judgment on all claims, and the district court granted summary judgment in their favor. With respect to Mr. Strange's § 1983 claims, the district court held that Officer Porath's conduct on March 17, 1994 fell outside the scope of § 1983. The court concluded that Officer Porath's actions in arriving at Mr. Strange's office and displaying his APD business card did not bring his subsequent actions within the color of law. The court dismissed Mr. Strange's state law claims without prejudice.

On appeal, Mr. Strange argues that by using the business card as his only method of identification, Officer Porath held himself out as a police officer to obtain information that he would not be able to receive as a private citizen and therefore acted under state law. Therefore, he asserts, the district court erred by granting defendant's motion for summary judgment on the color of law issue.

## II. Discussion

We review an order granting motion for summary judgment de novo, applying the same standard as the District Court under Federal Rules of Civil Procedure 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170

4

(10th Cir. 1991). We must review the record in light most favorable to the nonmoving party. Deepwater Invs., 938 F.2d at 1110. Applying these standards we must determine whether Mr. Strange has made a sufficient showing on the essential elements of the case with respect to which he has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting 'under color of state law.'" Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

For color of law to attach, this circuit has held that "there must be a 'real nexus' between the employee's use or misuse of their authority as [an officer], and the violation allegedly committed by the defendant." Jojola 55 F.3d at 493. "Such an interpretation is entirely consistent with the Supreme Court's pronouncement that § 1983 is only intended to deter state officials from 'using the badge of their authority' to deny citizens their federally protected rights." Id. (quoting Wyatt v. Cole, 504 U.S. 158, 161 (1992)). The conduct which deprives

5

the right must be in some way related to the authority. Even though "acting under color of law includes acting under pretense of law for purposes of state action analysis, there can be no pretense if the challenged conduct is not related in some meaningful way either to the officer's governmental status or to the performance of his duties." Martinez v. Colon, 54 F.3d 980, 987 (1st Cir.), cert. denied, 116 S. Ct. 515 (1995).

.       The "nexus test" is illustrated by this circuit's decision in Lusby v. T.G. & Y. Stores, Inc., 749 F. 2d 1423 (10th Cir. 1984), cert. granted, judgment vacated on other grounds, 474 U.S. 805 (1985). In Lusby, an off-duty police officer was found liable under § 1983 when the officer stopped a suspected shoplifter, displayed a badge, identified himself as a police officer and told the suspect he was under arrest. The court found the officer's conduct, in its totality, meaningfully related to his badge of authority and therefore the color of law requirement was satisfied. Id. at 1433-34. There was a nexus between the officer's authority and the conduct which deprived the individual of a right.

In contrast, when on-duty police officers staged a mock robbery of a convenience store, we found the requisite nexus between the officers conduct and the officers authority to be lacking. See Haines v. Fisher, 82 F.3d 1503, 1507-1508 (10th Cir. 1996). We held that notwithstanding the fact that they were on duty and used their guns during the mock robbery, the officers had not "exercised

6

power 'possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law.'" Id. at 1508 (quoting West, 487 U.S. at 49 and Classic, 313 U.S. at 326).

In challenging the district court's grant of summary judgment, Mr. Strange first asserts that by presenting the identification card to Mr. Strange, Officer Porath "unequivocally placed the imprimatur of state authority on all his subsequent acts." See Aplt's Br. at 11. Mr. Strange relies upon Brandon v. Allen 516 F. Supp. 1355 (W.D. Tenn 1981), rev'd on other grounds, 719 F.2d 151 (6th Cir. 1983), rev'd, 469 U.S. 464 (1985), to support his argument that the mere display of Officer Porath's identification card, without more, was sufficient to place all of Officer Porath's subsequent conduct under color of law.

We are not persuaded by this argument. When courts have applied the color of law requirement to the conduct of off-duty police officers, a single factor is rarely determinative. Rather, the courts have tended to use a totality of the circumstances approach in their formulation. For example, a verbal assertion that one is a police officer does not mean that all acts that follow are under color of law. Gibson v. City of Chicago, 910 F.2d 1510, 1516 (7th Cir. 1990). Similarly, every use of a police officer's gun does not create a cause of action under 1983. Martinez, 54 F.3d at 987. Officer Porath's use of his business card is analogous to an officer being in uniform, displaying a badge or using a service revolver.

Standing alone, the use of a business card, without more, is not sufficient to place an off-duty officer's conduct under color of law.

In addition, Mr. Strange's reliance upon Brandon is misplaced. In Brandon, an off-duty police officer approached a parked car introduced himself as a police officer and showed the occupants an identification card. He then ordered the driver out of the car and attacked him. When the driver attempted to flee in his car the officer fired his gun at the car, hitting and shattering the rear window of the vehicle. The court determined that the officer's conduct was under color of law because he identified himself as a police officer and used his service revolver. Brandon, 516 F. Supp. at 1360.

The facts of the instant case are distinguishable from Brandon in that Officer Porath did not verbally identify himself as a police officer - he merely gave Mr. Strange his identification card. In addition, Officer Porath never displayed nor used his badge or gun, though both were on his person, at anytime during the incident at Mr. Strange's office. More importantly, the conduct of the officer in Brandon -- detaining a motorist and ordering him out of his car -- was related to the performance of a police officer's duties. In contrast, Mr. Strange has failed to establish that the conduct of Officer Porath -- requesting an

8

insurance file for personal use -- is related to the performance of such duties.[1]

Mr. Strange also asserts that there was an adequate nexus between Officer Porath's authority and the constitutional violations allegedly committed by Officer Porath because Officer Porath's conduct would not have been possible "but for the proffered authority of his office." Mr. Strange argues that Officer Porath was only able to obtain the insurance file because he acted under the pretense that he was a police officer. In support of this proposition Mr. Strange cites his own deposition testimony that it was not his custom to allow his customers to review their insurance files, but that he complied with Officer Porath's request only because of his purported authority.

For several reasons, we are not persuaded by this argument. First, the evidence is not sufficient to conclude that Officer Porath's request of his personal insurance file related to his official duties as a police officer. For Officer Porath to be acting under the "pretense" of authority his actions must be meaningfully related to his governmental status or the performance of his duties as a police

---

[1] Mr. Strange also contends that the district court failed to properly consider the fact that, after an internal investigation, the Chief of the APD concluded that Officer Porath had used his business card "to obtain privileges not otherwise available to [him] except in the performance of a duty." Aplt's App. at 124. For several reasons, we find no error in the district court's consideration of the Chief's finding. First, as a matter of law, the finding is not dispositive in this § 1983 action. Moreover, the Chief's finding does not discuss all of the factors relevant to the color of law analysis, and in treating the Chief's finding as one of many relevant factors, the district court followed the applicable law.

9

officer. Officer Porath never stated that he needed the file because he was working on an investigation and, as we have noted, the fact that he used his business card is insufficient to establish that his request related to police business.

Moreover, Mr. Strange's testimony about the reasons for his compliance does not establish that Officer Porath acted under the pretense of authority. The under color of law determination does not turn on an individual's subjective understanding of an actor's conduct. See Lusby, 749 F.2d at 1429-30 (relying on the manner in which the off-duty officer actually functioned rather than on the plaintiff's subjective understanding of the officer's conduct). Therefore, while Mr. Strange's subjective perception to Officer Porath's conduct may be a relevant factor in determining whether Officer Porath acted under color of law, it is not determinative.

Accordingly, although Officer Porath's actions may indeed have been tortious under state law, a reasonable juror could not conclude that Officer Porath acted under color of law pursuant to § 1983. We therefore affirm the district court's order granting summary judgment to Officer Porath and the City of Albuquerque.

The mandate shall issue forthwith.

Entered for the Court,

10

Robert H. Henry
Circuit Judge